"This case comes before the court on defendant’s motion to dismiss plaintiffs first amended petition on the grounds that it fails to state a claim for relief within the jurisdiction of this court.[1] Plaintiff has filed a second motion for leave to further amend his petition. This motion is also before the court.
"Plaintiff claims to be the victim of a conspiracy by a United States District Court in Minnesota to obstruct justice and to deny plaintiff equal protection of the law. The gravamen of plaintiffs first amended petition is that the district court judge who was assigned to rule on plaintiffs petition for a writ of habeas corpus should have been disqualified due to 'his substantial interest and relationship with petitioner’s trial judge * * *.’ Plaintiffs first amended petition recites that jurisdiction is conferred upon this court by 28 U.S.C. §§ 1346 and 1491 (1970). He seeks $10,000 in damages.
"This court’s jurisdictional statute, 28 U.S.C. § 1491 (1970), permits suit 'against the United States founded either upon the Constitution, or any Act of Congress, or *461 any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.’ Not every claim involving or invoking the Constitution or a federal statute or regulation is cognizable in this court. To come within our jurisdiction, a plaintiff must demonstrate 'that the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum.’ Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605, 372 F. 2d 1002, 1007 (1967).
"None of the statutory provisions cited by the plaintiff, 28 U.S.C. §§455, 504, 507, or 1653 (1970), expressly grant plaintiff a right to be paid a certain sum. Nor can these statutes be reasonably construed 'to command, in [themselves] and as correctly interpreted, the payment of money to the claimant.’ Eastport Steamship Corp. v. United States, supra, at 607, 372 F. 2d at 1009. Plaintiffs first amended petition also alleges a conspiracy by members of the district court, but he has failed to cite any Constitutional, statutory, or regulatory provision which would permit his recovery on this account in this court. To the extent that plaintiffs conspiracy allegation sounds in tort, this court is without jurisdiction to consider such a claim. 28 U.S.C. § 1491 (1970); Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974). Accordingly, we find that plaintiffs first amended petition fails to state a claim within the jurisdiction of this court.
"On February 13, 1978, plaintiff filed a second motion for leave to amend his petition. He attached to the motion his second amended petition. We have carefully examined the second amended petition and find it is merely repetitious of plaintiffs first amended petition with some additional allegations which do not in any manner improve the sufficiency of the first amended petition.
"To the extent that plaintiffs claims sound in tort, we find no basis for transferring his first amended petition to an appropriate U.S. District Court pursuant to 28 U.S.C.§ 1506 (1970) because his claims fall within exceptions to the Federal Tort Claims Act. See 28 U.S.C.§ 2680(a) and (h) (1970). For the foregoing reasons,
"It is ordered that plaintiffs first amended petition be and hereby is dismissed. It is further ordered that *462 plaintiffs motion for leave to file a second amended pleading be and hereby is denied.”
Plaintiffs motion for relief from judgment was denied September 29, 1978.

 Defendant’s motion to dismiss was filed prior to plaintiffs first amended pleading. For purposes of this motion, we treat the motion to dismiss as applying to plaintiffs first amended petition filed on January 13, 1978. The reason for this treatment is that when we granted plaintiffs motion for leave to file the first amended petition on January 13, 1978, we did so on the express condition "that defendant’s prior motion to dismiss shall be deemed to be applicable to the petition as amended.”